# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-1013


**STATE OF LOUISIANA**

**VERSUS**

**JACOB PURVIS**

**AKA JACOB DEWAYNE PURVIS**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 15-0930
HONORABLE WARREN D. WILLETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Van H. Kyzar, Judges.


**VACATED, WITH INSTRUCTIONS.**

**Kyzar, J., dissents with written reasons.**

**James P. Lemoine**
**District Attorney**
**James D. White, Jr.**
**Rhea Renee Nugent**
**Assistant District Attorneys**
**Thirty-Fifth Judicial District**
**P.O. Box 309**
**Colfax, LA 71417**
**(318) 627-2971**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P.O.Box 2125**
**Lafayette, LA 70502-2125**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jacob Purvis**

**SAUNDERS, Judge.**

Defendant, Jacob Purvis, was convicted of aggravated arson, a violation of La.R.S. 14:51, and sentenced to twelve years at hard labor, with the first two years of the sentence to be served without benefit of probation, parole, or suspension of sentence, to run consecutively with any other sentence. Defendant was also ordered to pay a $5,000.00 fine, court costs, and a $1,000.00 fee to the Public Defender's Office. The Defendant's conviction and sentence were affirmed on appeal. *State v. Purvis*, 16-816 (La.App. 3 Cir. 4/12/17), 217 So.3d 470.

Defendant is before the court again as the result of a habitual offender proceeding. On October 4, 2016, the State filed a bill of information charging Defendant as a third felony offender pursuant to La.R.S. 15:529.1. Defendant was adjudicated a third offender at a hearing held on July 31, 2017. The trial court then vacated Defendant's twelve-year sentence and sentenced him to serve forty years at hard labor without benefit of probation, parole, or suspension of sentence, which was a deviation from the mandatory sentence of life imprisonment. Written reasons for judgment were issued by the trial court on August 3, 3017. A motion to reconsider sentence was filed on August 21, 2017, and was denied. A motion for appeal was filed on August 21, 2017, and was granted.

Defendant's appeal was lodged with this court on October 31, 2017. Therein, Defendant asserts that the trial court erred in sentencing him under the habitual offender sentencing scheme that was operative prior to November 1, 2017.

**FACTS:**

The facts supporting the underlying conviction of aggravated arson were set forth in *Purvis*, 217 So.3d at 472, as follows:

> Defendant lived in a double-wide trailer with his mother, uncle, sister, and his sister's two daughters. During the morning of September 16, 2015, Defendant and his sister were arguing inside the

trailer when he allegedly threatened to burn it down. He exited the trailer, threw a bug zapper against the wall on the front porch, and walked to the side of the house. A few minutes later, the trailer caught on fire and ended in a total loss. The occupants inside the trailer at the time, Defendant's sister, one of her daughters, and his uncle, exited before it burned down. Defendant's sister and her daughter received injuries from being burned as they exited the trailer.

At the habitual offender hearing, the trial court found Defendant had previously been convicted of operation of a clandestine laboratory on March 20, 2009, and conspiracy to produce methamphetamine on May 3, 2012. He was then sentenced as a third offender on his conviction for aggravated arson. The trial court gave the following reasons for its deviation from the mandatory sentence of life imprisonment: "Mr. Purvis, due to your age and due to the current push to reduce the incarcerations . . . the Court does find that imprisonment for your natural life without benefit would be excessive." In its written reasons for judgment, the trial court additionally stated: "Considering the Defendant's age, his alleged addiction, combined with the fact that he has both the mental and physical ability to be a productive member of society, the trial court found that the mandatory life sentence would be constitutionally excessive under the circumstances."

## ASSIGNMENT OF ERROR:

In his only assignment of error, Defendant contends that the trial court erred in sentencing him under the prior version of La.R.S. 15:529.1. He argues that his conviction for aggravated arson was not final at the time of his habitual offender sentencing. Therefore, he should have been sentenced under the new version of the statute, which applies to offenders whose convictions "became final on or after November 1, 2017." We find merit to this contention.

2

*Habitual Offender Statute*

The habitual offender statute in effect at the time Defendant committed the offense of aggravated arson, was convicted thereof, and was adjudicated a habitual offender and sentenced accordingly provided, in pertinent part:

> (3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:

> (a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction; or

> (b) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

La.R.S. 15:529.1.

Louisiana Revised Statutes 15:529.1 was amended by 2017 La. Acts No. 257, §1 and 2017 La. Acts No. 282, §1 and now provides, in part:

> (3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:

> (a) The person shall be sentenced to imprisonment for a determinate term not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.

> (b) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), or a sex offense as defined in R.S. 15:541 when the victim is under the age of eighteen at the time of commission of the offense, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

3

Acst 257 and 282 both explicitly provide that their provisions "shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017." 2017 La. Acts 257, § 2; 2017 La. Acts 282, § 2.

The ameliorative changes made to La.R.S. 15:529.1 drastically reduced Defendant's sentencing exposure. Defendant's prior felonies, conspiracy to produce methamphetamine and operation of a clandestine laboratory, are both violations of the Uniform Controlled Dangerous Substance Law punishable by ten or more years, and Defendant's current offense, aggravated arson, is a crime of violence. *See* La.R.S. 14:26; La.R.S. 40:967; La.R.S. 40:983; La.R.S. 14:2(B)(18); La.R.S. 14:51. Thus, under the prior version of La.R.S. 15:529.1(A)(3)(b) Defendant was subject to a mandatory sentence of life imprisonment without benefits. The relevant amendments to La.R.S. 15:529.1(A)(3)(b) removed persons with a current or prior felony that was a violation of the Uniform Controlled Dangerous Substance Law punishable for ten years or more years from the group of persons subject to a life sentence as a third felony offender. Consequently, if the amended version of the habitual offender law is applicable to Defendant's adjudication as a third felony offender, Defendant would be subject to a sentence of ten to forty years, with two years of the sentence to be served without benefit of parole. *See* La.R.S. 15:529.1(A)(3)(a); La.R.S. 14:51; *State v. Bentley*, 15-598 (La.App. 3 Cir. 2/3/16), 185 So.3d 254.

*Arguments of the Parties*

Defendant notes that the bills amending La.R.S. 15:529.1 were signed by the Governor on June 15, 2017, and became effective November 1, 2017. He admits that the version of La.R.S. 15:529.1 under which he was sentenced as a habitual offender was still in effect at the time he was sentenced. However, his conviction

for aggravated arson was not yet final because his pro se writ application was pending before the supreme court at the time of the habitual offender proceeding. Defendant points out that the new law does not state it is effective for new criminal activity occurring after November 1, 2017. Instead, it applies to convictions that "became final" on or after November 1, 2017. Thus, he suggests a ruling on the habitual offender bill filed in his case should have been postponed.

Defendant argues that the trial court's downward departure from the mandatory sentence provided for under the prior law does not affect which version of La.R.S. 15:529.1 is applicable to his case. Defendant notes that the State is not required to wait until after all appellate rights are exhausted before pursuing a habitual offender sentence and that the laws governing convictions regularly change from year to year. He, however, asserts that the timing of this case is unique and asks this court to vacate the sentence imposed on July 31, 2017, and remand the matter for resentencing under the amended version of La.R.S. 15:529.1.

The State acknowledges that Defendant's pro se writ application is pending in the supreme court. However, according to *State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317, a habitual offender proceeding does not result in a conviction but is simply an enhanced penalty, and the sentence to be imposed is that in effect at the time of the commission of the offense. The State also discusses *State v. Boutte*, 10-928 (La.App. 3 Cir. 3/9/11), 58 So.3d 624, *writ denied*, 11-689 (La. 10/7/11), 71 So.3d 314. Therein, this court found Defendant's underlying conviction did not have to be final before an enhanced sentence for that offense could be imposed in a habitual offender proceeding. The State concludes that Defendant was sentenced under the correct version of La.R.S. 15:529.1.

5

*Analysis*

In *Parker*, 871 So.2d at 322-26, (alterations in original) the supreme court addressed whether a defendant should be sentenced according to the habitual offender law in effect at the time of the commission of the offense or that in effect at the time of the habitual offender adjudication and sentencing:

> [T]his court has consistently held that habitual offender proceedings do not charge a separate crime but merely constitute ancillary sentencing proceedings such that the punishment for a new conviction is enhanced. *See State v. Dorthey*, 623 So.2d 1276, 1278-79 (La.1993); *State v. Walker*, 416 So.2d 534, 536 (La.1982); *State v. Williams*, 326 So.2d 815, 818 (La.1976). Additionally, it is generally settled that the law in effect at the time of the commission of the offense is determinative of the penalty which is to be imposed upon the convicted accused. *See State v. Narcisse*, 426 So.2d 118, 130 (La.1983). *State v. Wright*, 384 So.2d 399, 401 (La.1980); *State v. Gros*, 205 La. 935, 938, 18 So.2d 507, 507 (1944), cert. denied, 326 U.S. 766, 66 S.Ct. 170, 90 L.Ed. 462 (1945). Finally, "[t]he mere fact that a statute may be subsequently amended, after the commission of the crime, so as to modify or lessen the possible penalty to be imposed, does not extinguish liability for the offense committed under the former statute." *Narcisse*, 426 So.2d at 130.
>
> . . . .
>
> . . . While it is true La. R.S. 15:529.1(D)(3) provides that defendant shall be sentenced as a habitual offender only "[w]hen the judge finds" that he has been convicted of a prior felony or felonies, this language merely references the determination required to be made by the judge at the conclusion of the habitual offender hearing. A defendant is not convicted of being a habitual offender. Rather, a defendant is adjudicated a habitual offender as a result of prior felony convictions. The sentence to be imposed following a habitual offender adjudication is simply an enhanced penalty for the underlying conviction.
>
> . . . .
>
> Policy considerations also convince us that the applicable penalty provision is that existing on the date of the commission of the offense. The contrary determination that defendant is subject to the penalty provision in effect at the time of his adjudication as a habitual offender would allow the district attorney, rather than defendant's own act, to control the fixing of defendant's status as a habitual offender and the applicable penalty depending on when the habitual

6

offender bill is filed. Concomitantly, if we were to adopt the position that the date of the habitual offender adjudication fixes the applicable penalty provision, some defendants might be encouraged to delay proceedings to coincide with the effective dates of more lenient sentencing provisions. Either of these situations would wreak havoc with our sense of fairness, and, in a practical sense, with the dockets of the courts.

In the instant matter, we find that pursuant to *Parker*, the trial court properly sentenced Defendant under the version of La.R.S. 15:529.1 that existed at the time he committed the offense of aggravated arson. The language of Section 2 of both Acts 257 and 282 points to the legislature's intent for the amendments to La.R.S. 15:529.1 to apply prospectively only. However, the legislature stated that the amendments were applicable to convictions that "became final" after November 1, 2017.

Louisiana Supreme Court Rule X, § 5(a) provides for the filing of writ applications as follows:

> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted.

Louisiana Code of Criminal Procedure Article 922 address the finality of judgments on appeal:

> A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, in term time or out, a party may apply to the appropriate court for a rehearing. The court may act upon the application at any time.

> B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

7

C. If an application for a rehearing has been made timely, a judgment of the appellate court becomes final when the application is denied.

D. If an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ.

This court's opinion in *Purvis*, 217 So.3d 470, was rendered on April 12, 2017. All parties agree Defendant filed a writ application with the supreme court. A letter received by this court in Defendant's prior appeal on June 12, 2017, from the Louisiana Supreme Court states: "This is to advise that the pleadings in the above entitled matter were received and filed on 6/5/2017. The filing was post marked on 5/8/2017." In that writ application, Defendant sought review of this court's ruling in *Purvis*.

Defendant's writ application was timely filed in the supreme court. Pursuant to La.Code Crim.P. art. 922(B), Defendant's conviction for aggravated arson will become final when the supreme court issues a ruling on that writ application and the delays for applying for a rehearing have lapsed and no application for rehearing has been made. Defendant's writ application is still outstanding. Therefore, his aggravated arson conviction is not yet final and will become so after November 1, 2017. Accordingly, we find that the amended version of La.R.S. 15:529.1 is now applicable to Defendant.

The fourth circuit has addressed the applicability of the 2017 amendments to La.R.S. 15:529.1 to a defendant sentenced prior to the effective date thereof. On appeal, the defendant in *State v. Smith*, 17-553, p. 14 (La.App. 4 Cir. 12/13/17), __So.3d__, __ , argued that he was entitled to the application of "'Act 282 and Act [Senate Bill# 139] effective August 1, 2017.'" The fourth circuit addressed the issue stating:

Acts 2017, No. 282, § 1, eff. Nov. 1, 2017, in pertinent part, amended the Habitual Offender Law to provide that the sentence for a second felony offender to be "not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction." Previously, La. R.S. 15:579.1(A)(1) [sic] provided the minimum sentence to be one-half the longest term. Additionally, Section 2 of Acts 2017, No. 282 provides:

> This Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017.

Pursuant to Section 2, the amended provisions of La. R.S. 15:579.1(A)(1) [sic] are inapplicable to Smith's sentence which was imposed on September 8, 2016. The assignment of error lacks merit.

*Id.* (footnote omitted). The fourth circuit, which incorrectly cited the habitual offender law as La.R.S. 15:579.1, did not delve into the wording of Section 2, did not address the finality of the defendant's conviction, or set forth any jurisprudence to support its conclusion. In fact, appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and the issue was raised pro se.

In the instant matter, Defendant, like the defendant in *Smith*, was sentenced prior to November 1, 2017. However, Defendant's aggravated arson conviction is not yet final, and will become so after November 1, 2017. As such, we find that the language of Section 2 of Acts 257 and 282, applying the amended provisions of La.R.S. 15:529.1 to convictions that "became final on or after November 1, 2017," is applicable to Defendant. Accordingly, we vacate the trial court's ruling.

## CONCLUSION:

For the foregoing reasons, we vacate Defendant's habitual offender sentence and remand the matter for resentencing under the version of La.R.S. 15:529.1 that became effective on November 1, 2017.

**VACATED, WITH INSTRUCTIONS.**

**KYZAR, J., DISSENTS:**

Defendant, sentenced as a habitual offender on July 31, 2017, asserts on appeal that the trial court erred in sentencing him under the habitual offender sentencing scheme that was operative prior to November 1, 2017, contending that he should have been sentenced under the new version of the law that became effective November 1, 2017. The habitual offender enhanced sentencing provision, La.R.S. 15:529.1, in effect at the time of the offense committed in the case, aggravated arson, provided for a life sentence for this Defendant who had been convicted previously of two prior violations of the Louisiana Uniform Controlled Dangerous Substance Law for offenses punishable by at least ten years in prison. At sentencing, the trial court in his discretion departed downward from the life sentence finding that such would be constitutionally excessive in this case. That decision is not at issue here. Louisiana Revised Statutes 15:529.1 was amended by 2017 La. Acts No. 257, §1 and 2017 La. Acts No. 282, §1 and now provides in pertinent part:

> (A) . . . (3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:
>
> (a) The person shall be sentenced to imprisonment for a determinate term not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.
>
> (b) If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), or a sex offense as defined in R.S. 15:541 when the victim is under the age of eighteen at the time of commission of the offense, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

Applying the prior version of La.R.S. 15:529.1 would require that Defendant's sentence be affirmed. Under the new version, the sentence range for this Defendant becomes a sentence of ten to forty years, with two years of the

10

sentence to be served without benefit of parole, given that the maximum sentence for aggravated arson is twenty years. La.R.S. 14:51.

Act 257 and Act 282 both explicitly provide that their provisions "shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions **became final** on or after November 1, 2017." 2017 La. Acts No. 257, § 2; 2017 La. Acts No. 282, § 2 (emphasis added).

The majority concludes that because Defendant's aggravated arson conviction is not now final and will not become final until sometime in the future, the revised version of the Habitual Offender Law, La.R.S. 15:529.1, applied to his proceeding. Thus, the majority incorrectly proposes to vacate Defendant's sentence and remand for resentencing under the revised version.

I disagree with the majority based on my reading of the legislative intent provision. The plain reading of the legislative language is that the revised version of La.R.S. 15:529.1 applies prospectively only, not retroactively, and then only to those convictions that are final on or after November 1, 2017. The Defendant here was adjudicated and sentenced as a habitual offender on July 31, 2017; thus, the revised version of La.R.S. 15:529.1 as per 2017 La. Acts No. 257, § 2 and 2017 La. Acts No. 282, § 2 could not have applied. Nothing in the language of the acts allows for retroactive application of the statute before November 1, 2017. Further, the legislature specifically chose to utilize the wording "became final on or after November 1, 2017," whereas the majority's conclusion essentially changes the meaning of the phrase to "becomes final on or after November 1, 2017." While seemingly a minor distinction of semantics, it has significant consequences. A habitual offender proceeding does not result in a conviction but is simply an enhanced penalty, and the sentence to be imposed is that in effect at the time of the commission of the offense. *State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317.

11

An underlying conviction does not have to be final before an enhanced sentence for that offense can be imposed in a habitual offender proceeding. *State v. Boutte*, 10-928 (La.App. 3 Cir. 3/9/11), 58 So.3d 624, *writ denied*, 11-689 (La. 10/7/11), 71 So.3d 314. In *State v. Smith*, 17-553 (La.App. 4 Cir. 12/13/17), the defendant argued that he was entitled to the application of "'Act 282 and Act [Senate Bill # 139] effective August 1, 2017.'" The fourth circuit addressed the issue stating:

> Acts 2017, No. 282, § 1, eff. Nov. 1, 2017, in pertinent part, amended the Habitual Offender Law to provide that the sentence for a second felony offender to be "not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction." Previously, La. R.S. [15:529.1(A)] provided the minimum sentence to be one-half the longest term. Additionally, Section 2 of Acts 2017, No. 282 provides:
>
> > This Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017.
>
> Pursuant to Section 2, the amended provisions of La. R.S. [15:529.1(A)] are inapplicable to Smith's sentence which was imposed on September 8, 2016. The assignment of error lacks merit.

*Id.* at 14.

This is precisely the case here, as Defendant was adjudicated and sentenced as a habitual offender on July 31, 2017, well prior to the November 1, 2017 effective date of the acts. Because Defendant's habitual offender hearing and enhanced sentence imposed as a result occurred before November 1, 2017, the prior version of the statute was correctly applied, and the sentence imposed by the trial court must be affirmed.