# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 18-665 consolidated with 18-268


**STATE OF LOUISIANA**

**VERSUS**

**LADRAY BIAS, JR.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12308-17
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
D. Kent Savoie, Judges.


**AFFIRMED.**

**John F. DeRosier**
**District Attorney**
**Fourteenth Judicial District Court**
**Daniel Vermaelen**
**Elizabeth B. Hollins**
**Assistant District Attorneys**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ladray Bias, Jr.**

**SAUNDERS, Judge.**

Defendant, Ladray Bias, Jr., was charged with the attempted second degree murder of the victim, Brittany Dionne Watson, in violation of La.R.S. 14:27 and 14:30.1, on September 8, 2016. He was found guilty as charged on June 15, 2017. The trial court sentenced him to serve forty years at hard labor with credit for time served on August 21, 2017. Defendant filed a motion to reconsider his sentence, and the trial court denied it on September 11, 2017.

On June 26, 2017, the State charged Defendant as a second felony offender pursuant to La.R.S. 15:529.1. The trial court vacated Defendant's sentence on November 29, 2017, adjudicated him a second felony offender, and resentenced him to serve seventy years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant filed a motion to reconsider his habitual offender sentence, contending the original forty-year sentence was appropriate. The trial judge denied the motion on December 13, 2017. Defendant now seeks review of his conviction for attempted second degree murder and of his multiple offender sentence.

We addressed Defendant's first assignment of error, alleging insufficient evidence for a conviction, in our opinion in docket number 18-268. We address the second assignment of error, alleging an excessive sentence, in this opinion in the present docket number, 18-665, the appeal taken after Defendant's habitual offender adjudication and resentencing.

**FACTS:**

Defendant stabbed the victim four times in her head, neck, chest, and back during an argument on July 29, 2016.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Defendant alleges the evidence was insufficient to convict him of attempted second degree murder. Because that issue pertained to his underlying conviction, we discussed the issue in docket number 18-268, the appeal of that conviction.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Defendant contends his sentence of seventy years at hard labor without benefit of probation, parole, or suspension of sentence is constitutionally excessive. This court has previously discussed the standard for reviewing excessive sentence claims:

> [Louisiana Constitution Article] I, section 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (citations omitted).

Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes

2

may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). "While the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983) (citing *State v. Ray*, 423 So.2d 1116 (La.1982); *State v. Keeney*, 422 So.2d 1144 (La.1982); *State v. Duncan*, 420 So.2d 1105 (La.1982)).

"The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D). The trial judge's failure to comply with Article 894.1 does not render a sentence invalid:

> [T]he goal of this article is articulation of the factual basis for a sentence, "not rigid or mechanical compliance with its provisions." *State v. Lanclos,* 419 So.2d 475, 478 (La.1982). Accordingly, if "the record clearly shows an adequate factual basis for the sentence imposed[,] ... remand is unnecessary, even where there has not been full compliance with Article 894.1." *Id.*

*State v. v. H.A., Sr.*, 10-95, pp. 25-26 (La.App. 3 Cir. 10/6/10), 47 So.3d 34, 50.

Defendant was previously convicted of theft of a motor vehicle and unauthorized entry of an inhabited dwelling on October 14, 2010. The trial court deferred sentencing and placed Defendant on supervised probation for five years subject to special conditions. The trial court ordered Defendant to spend three months in the parish jail and imposed further special conditions on August 10, 2011, after Defendant was charged with domestic abuse battery and simple battery. Defendant came before the trial court again on March 28, 2012, when the court continued his probation with the special condition that he serve seventy-five days in

3

the parish jail on each of the probation violations for theft of a motor vehicle and unauthorized entry of an inhabited dwelling. On June 20, 2012, the trial court revoked Defendant's probation and sentenced him to serve six years at hard labor for unauthorized entry of an inhabited dwelling and to serve eight years at hard labor for theft of a motor vehicle, with the sentences to run concurrently. Defendant became eligible for parole on December 14, 2014.

At a hearing on November 29, 2017, expert witness testimony showed the fingerprints associated with the convictions for theft of a motor vehicle and for unauthorized entry of an inhabited dwelling were those of Defendant. The trial court adjudicated Defendant as a second felony offender. Although Defendant's counsel asked the trial court to maintain his habitual offender sentence at forty years, the trial court vacated the prior forty-year sentence and imposed a sentence of seventy years without benefit of probation, parole, or suspension of sentence.

The sentencing range for attempted second degree murder is ten to fifty years. La.R.S. 14:27, 14:30.1. On November 1, 2017, the sentencing range for second offenders changed. Prior to that date, the sentencing range was "for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction." La.R.S. 15:529.1(A)(1)(amended 2017). Thus, the sentencing range for attempted second degree murder was twenty-five to one hundred years. After November 1, 2017, the sentencing range became "for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction." La.R.S. 15:529.1(A)(1). Thus, the sentencing range became sixteen and two-thirds years to one hundred years. The statutory change had "prospective application only to offenders whose convictions became final on or after November 1, 2017." 2017 La. Acts No. 282, §2.

4

Defendant's adjudication and habitual offender sentence have not yet become final. See La.Code Crim.P. art. 922.

At the November 29, 2017 adjudication hearing, the parties and the trial judge discussed the proper lower end of the sentencing range for a second felony offender. Ultimately, the trial court applied a sentencing range of twenty-five to one hundred years, the applicable range under La.R.S. 15:529.1(A)(1) prior to November 1, 2017.

Our supreme court addressed a similar situation in *State v. Williams*, 17-1753, p. 1 (La. 6/15/18), 245 So.3d 1042, 1042 (per curiam):

> Defendant was found guilty as charged of armed robbery with a firearm, La. R.S. 14:64 and 14:64.3, second degree kidnapping, La. R.S. 14:44.1, and attempted second degree murder, La. R.S. 14:27 and 14:30.1. He was adjudicated as a third-felony offender, and his armed robbery sentence was enhanced under the Habitual Offender law. La. R.S. 15:529.1. Defendant's appeal was pending when the Legislature amended the Habitual Offender law with 2017 La. Acts 282. The amendment substantially reduced the sentencing range for a third-felony offender like defendant and further provided, "This Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017." Defendant seeks to be resentenced under the amendment, and the State concedes defendant is entitled to be resentenced in accordance with it because his conviction will become final after November 1, 2017. Accordingly, we grant defendant's application in part to vacate his enhanced recidivist sentence for armed robbery, and we remand for resentencing for this offense in accordance with 2017 La. Acts 282.

This court reached the same conclusion in *State v. Purvis*, 17-1013, p. 9 (La.App. 3 Cir. 4/18/18), 244 So.3d 496, 502:

> In the instant matter, Defendant . . . was sentenced prior to November 1, 2017. However, Defendant's aggravated arson conviction is not yet final, and will become so after November 1, 2017. As such, we find that the language of Section 2 of Acts 257 and 282, applying the amended provisions of La.R.S. 15:529.1 to convictions that "became final on or after November 1, 2017," is applicable to Defendant. Accordingly, we vacate the trial court's ruling.

As in *Williams*, 245 So.3d 1042, and *Purvis*, 244 So.3d 496, Defendant's attempted second degree murder conviction will become final after November 1,

2017. However, Act 542 of the 2018 Louisiana Legislature added La.R.S. 15:529.1(K), which provides, in pertinent part, "the court shall apply the provisions of [La.R.S. 15:529.1] that were in effect on the date that the defendant's instant offense was committed.'" This court has not yet addressed whether that provision is retroactive. The first and second circuits, however, have determined it is.

In *State v. Edden*, 52,288 (La.App. 2 Cir. 11/14/18), __ So.3d __, the defendant was subject to a ten to thirty-year sentence for his underlying offense. When he was adjudicated as a second felony offender, he argued the 2017 amendments to La.R.S. 15:529.1(A)(1) reduced the range of his enhanced sentence because his conviction became final after November 1, 2017. The second circuit, however, found the 2018 enactment of La.R.S. 15:529.1(K) was "a curative provision." *Edden*, at p. 9. The court determined the amendment was procedural, and the law in effect on the date of the underlying offense applied.

Likewise, in *State v. Cagler*, 18-427 (La.App. 1 Cir. 11/7/18) (unpublished opinion), the first circuit noted *Williams*, 245 So.3d 1042, and *Purvis*, 244 So.3d 496. However, the court considered the decisions in those cases "effectively abrogated by the 2018 enactment of La.R.S. 15:529.1(K)(1)." *Cagler*, at 24 n.6.

We agree with the first and second circuits and find La.R.S. 15:529.1(K) applies retroactively to this case. In that event, the applicable sentencing range would be twenty-five to one hundred years. Moreover, we do not find the sentence to be shocking or making no meaningful contribution to acceptable penal goals. The trial court was well within the parameters of the sentence for the crime committed under the applicable law. Accordingly, we affirm Defendant's sentence.

**DECREE:**

This court finds that La.R.S. 15:529.1(K) applies retroactively, and the trial court correctly applied the sentencing range of twenty-five to one hundred years.

6

Further, we find no merit to the contention that Defendant's sentence is excessive.

Thus, Defendant's sentence is affirmed.

**AFFIRMED.**