573 So.2d 481 (1991)
STATE of Louisiana
v.
Shelia HOWARD.
No. 90-KK-1747.
Supreme Court of Louisiana.
January 25, 1991.
Rehearing Denied February 28, 1991.
James P. Manasseh, Baton Rouge, for Shelia Howard, defendant-applicant.
William Guste, Atty. Gen., Cheney Joseph, Dist. Atty., Robert Piedrahita, Asst. Dist. Atty., Baton Rouge, Gwendolyn Brown, Bossier City, for State of La., plaintiff-respondent.
PER CURIAM.
The defendant was convicted by a jury of twelve persons for possession of over twenty-eight grams of cocaine in violation of La.Rev.Stat. 40:967(F). Upon return of the jury with the verdict, the trial court discovered that it had inadvertently failed to dismiss the alternate juror prior to deliberations. Through examination of the jury foreman, the court determined that the alternate had been allowed to take part in the jury's deliberations, but had not been allowed to vote on the verdict. A written polling of the jury revealed a final vote of ten to two.
The defendant's request for a mistrial was denied, as was her subsequent motion for a new trial. The defendant's application to the court of appeal was likewise denied on the basis that the jury verdict conformed to the requirements of La. Const. art. I, § 17 and La.Code Crim.Proc. art. 782, and because the defendant had failed to make a sufficient showing of prejudice arising out of the alternate juror's participation in deliberations. We granted certiorari. 568 So.2d 1047.
The alternate juror's participation in jury deliberations (as opposed to the alternate juror's mere presence in the jury room) constituted an extraneous influence on the jury. Evidence of this participation established a prima facie case of prejudice to the defendant. Cf. State v. Duplissey, 550 So.2d 590 (La.1989).
The conviction is reversed, and the case is remanded to the district court for further proceedings.