COX, J.
*1198 This criminal appeal arises from the First Judicial District Court, Caddo Parish, Louisiana. Trevor Edden appeals the sentence imposed after a jury convicted him of domestic abuse battery, fourth or subsequent offense. Edden was sentenced to 37 years' imprisonment at hard labor without the benefit of probation or suspension of sentence. Pro se and counseled motions for reconsideration of sentence were denied by the trial court. For the following reasons, Edden's conviction and sentence are affirmed.
FACTS
Edden and his live-in girlfriend, Jakia Norris, had been a couple for six years, lived together for three years, and had two children together. Around midday on October 19, 2014, Edden and Ms. Norris left their home by car to get something to eat. Ms. Norris was the passenger in the car and Edden drove. As the two left a gas station, they got into an argument for an undisclosed reason. During the verbal altercation, Edden struck Ms. Norris in the jaw causing her lip to bleed. Edden pulled the car over and the couple continued to fight. Ms. Norris fought back in self-defense, striking Edden in his face. Thereafter, Edden bit Ms. Norris on her left arm, right pinkie finger, and right leg.
Ms. Norris was able to get out of the car and run down the street. About five minutes later, Ms. Norris got a ride to her home and called police. The police photographed Ms. Norris to document the injuries she sustained. An emergency medical team was dispatched to her home, but no treatment was provided to her. At the time of the trial, Ms. Norris had a scar on her arm from the bite mark. She stated that she still lived with and had feelings for Edden.
On October 9, 2010, and March 14, 2012, Edden was placed on probation for domestic abuse battery convictions against a different complainant. In 2014, Edden pled guilty to two separate charges of domestic abuse battery against Ms. Norris. For these guilty pleas, he received 48 hours in jail and was placed on one-year probation for each conviction.
Edden was arrested on the instant offense and ultimately charged with one count of domestic abuse battery, fourth or subsequent offense, in violation of La. R.S. 14:35.3(F). He was tried by a jury and unanimously convicted as charged.
On May 16, 2017, the State filed a second-felony habitual bill of information against Edden, based upon a prior felony conviction in Caddo Parish, Docket No. 284,739, unauthorized entry of an inhabited dwelling on March 22, 2010. For that conviction, he received a suspended sentence of one year at hard labor and was placed on one year of supervised probation. Prior to hearing the habitual offender proceedings on September 18, 2017, the trial court denied Edden's motions for new trial and post-verdict judgment of acquittal. After hearing the testimony of one of the State's witness, the trial court adjudicated Edden as a second-felony offender.
No presentence investigation report was ordered. On October 19, 2017, Edden submitted a statement on sentencing. He stated that he was 28 years old and admitted his prior felony and misdemeanor convictions, in addition to his four prior convictions for domestic abuse. Edden admitted that he had also pled guilty to misdemeanor marijuana possession in August of 2012. Edden requested that the trial court *1199 consider an attached letter written by Ms. Norris and asked the trial court to "exercise as much mercy as possible" in sentencing him.
In her letter, Ms. Norris indicated that "we have been blessed" that Edden's most recent troubles and period of incarceration had "truly allowed" Edden to understand "what it takes to be a productive member of society." Ms. Norris did not attempt to argue that Edden's offense qualified as a misdemeanor, but asked the court to consider his "lack of any prior criminal activity," as well as the "pronounced improvements we have seen" in him. Ms. Norris insisted that Edden's "domestic abuse was left behind while incarcerated in the Caddo Parish Jail," and that the system had helped him through anger management. Ms. Norris requested that the trial court sentence Edden to credit for time served or a minimal period of additional incarceration.
On December 19, 2017, the State filed a memorandum on sentencing pointing out Edden's criminal history and that the present offense involved Edden's serious battering of Ms. Norris. The State also revealed a pending case, transferred to district court from city court just before trial of the instant case, occurring in November of 2016, in which Edden hit and scratched Ms. Norris during an argument. The State noted that as a second-felony offender, Edden faced sentencing exposure of 15-60 years' imprisonment without the benefit of probation or suspension of sentence, with the first three years also without the benefit of parole under La. R.S. 14:35.3(F). As aggravating circumstances, the State argued that Edden's conduct manifested deliberate cruelty to Ms. Norris and that Edden used his position or status to facilitate the commission of the offense. As an aggravating factor, the State argued the fact that Edden's criminal conduct was likely to recur due to this being a fifth domestic abuse conviction, with a sixth offense pending. The State contended that despite Ms. Norris's sentiments, Edden had been given the benefit of multiple minimal misdemeanor sentences, which had not deterred Edden. The State asked for a lengthy period of incarceration.
On December 21, 2017, Edden appeared for sentencing. Both Edden's counsel and the State referred the trial court to the sentencing statements discussed above. The trial court stated its consideration of Ms. Norris's request for leniency in sentencing, as well as both the defense and State's statements on sentencing. The trial court also confirmed her consideration of the La. C. Cr. P. art. 894.1 factors, including that any lesser sentence would deprecate the seriousness of the offense. The trial court sentenced Edden to 37 years' imprisonment at hard labor, without the benefit of probation or suspension of sentence, with credit for time served. As a special condition of the sentence, the trial court ordered that Edden not own or possess any firearm going forward, enroll and complete a domestic abuse prevention/intervention program, and have no contact of any kind with the victim. The trial court ordered that provisions in the protective order also be incorporated into the sentence.
On January 5, 2018, Edden filed two separate pro se motions to reconsider his sentence, raising numerous arguments unrelated to sentencing and ultimately asserting that he was sentenced "over your guidelines," because he was subject to a sentencing range of 10-30 years' imprisonment without the benefit of parole, probation, or suspension of sentence. On January 10, 2018, Edden's counsel filed a motion to reconsider sentence raising a constitutional excessiveness claim without argument. The trial court denied the motions *1200 to reconsider the sentence, finding the imposed sentence to be appropriate, constitutional, and reasonable in light of the circumstances surrounding the event, as well as Edden's criminal history and the fact that the unadjudicated domestic abuse battery charge was dismissed by the State. This appeal followed.
DISCUSSION
Edden argues that his sentence is constitutionally excessive because the trial court did not adequately comply with La. C. Cr. P. art. 894.1 and the lengthy sentence is not justified under the facts of this case. Edden contends that he is not one of the worst offenders and has only one prior, relatively minor felony for which he received a suspended sentence. He admits his past criminal record, but notes that he has not been incarcerated beyond a few days for any of the prior offenses. Edden argues that several mitigating factors were not considered by the trial court, including the fact that the present offense was minor, no one else was placed in danger, his age, and the fact that he has minor children who depend upon him for support.
Edden acknowledges that a period of incarceration is warranted in this case, but argues that the three-year term without the benefit of probation, parole, or suspension of sentence, as required by La. R.S. 14:35.3, is sufficient to provide both punishment and rehabilitative services. Edden claims that he has changed during his last period of incarceration, which has placed a hardship on his children. He argues that because almost all of his predicate offenses were used to enhance his sentence, he has effectively been "double-enhanced." Edden argues that the imposed sentence is nothing more than the purposeless infliction of needless pain and suffering and that a lesser sentence is warranted under the facts of this case and this offender.
Edden further argues that the applicable sentencing range should have been 10-60 years' imprisonment instead of 15-60 years' imprisonment. Edden points out that the imposed sentence is lenient in two respects. Under La. R.S. 14:35.3(F)(1), the trial court failed to impose the first three years of the sentence without the benefit of probation, parole, or suspension of sentence and to impose the mandatory $5,000 fine.
The State argues that the sentencing record reflects the trial court's consideration of the La. C. Cr. P. art. 894.1 sentencing factors, and that the imposed sentence does not shock the sense of justice. The State points out that the crime of fourth or subsequent domestic abuse battery carries a sentence of 10-30 years' imprisonment, with the first three years to be served without the benefit of probation, parole, or suspension of sentence. As a second-felony offender, Edden faced increased sentencing exposure of 15-60 years of imprisonment. The State argues that no matter which version of La. R.S. 15:529.1 is applied to Edden, the 37-year sentence is in the median range of habitual offender sentencing. The State also acknowledges that Edden's sentence is illegally lenient as the trial court neglected to impose the mandatory fine and the first three years without the benefit of probation, parole, or suspension of sentence.
The trial court has wide discretion in the imposition of sentences within the statutory limits, and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Allen , 49,642 (La. App. 2 Cir. 2/26/15), 162 So.3d 519, writ denied , 15-0608 (La. 1/25/16), 184 So.3d 1289. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case. Id. On review, an appellate court does not determine *1201 whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Thomas , 51,761 (La. App. 2 Cir. 1/10/18), 245 So.3d 1174.
Appellate review of sentences for excessiveness is a two-step process, the first being an analysis of the trial court's compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1, and the second being a review of the sentence for constitutional excessiveness. However, because Edden's motions to reconsider his sentence raised only a claim that the sentence imposed was constitutionally excessive, he is relegated to review of his sentence on that ground alone. La. C. Cr. P. art. 881.1 ; State v. Williams , 51,667 (La. App. 2 Cir. 9/27/17), 245 So.3d 131, writ not cons. , 18-0017 (La. 3/9/18), 237 So.3d 1190. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Turner , 51,888 (La. App. 2 Cir. 2/28/18), 246 So.3d 695.
To constitute an excessive sentence, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. State v. Griffin, 14-1214 (La. 10/14/15), 180 So.3d 1262 ; State v. Bass , 51,411 (La. App. 2 Cir. 6/21/17), 223 So.3d 1242, writ not cons ., 18-0296 (La. 4/16/18), 239 So.3d 830.
At the time of the offense, La. R.S. 14:35.3(F) carried a hard labor sentence of 10-30 years' imprisonment. Thus, for his second-felony habitual offender adjudication, Edden faced an increased sentencing exposure. La. R.S. 15:529.1(A)(1). Edden was adjudicated a second-felony offender on September 18, 2017, and received his enhanced sentence on December 21, 2017. In 2017, the legislature amended the Habitual Offender Law with Acts 2017, Nos. 257 and 282, and reduced the sentencing range for a second-felony offender like Edden. The Act further provided that, "This Act shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017."
In State v. Williams , 17-1753 (La. 6/15/18), 245 So.3d 1042, the defendant was adjudicated a third-felony offender. The armed robbery occurred in 2013, and under the law in effect on that date, he received a third-felony enhanced sentence of 66.33 years' imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant's appeal was pending when the legislature amended the law in 2017 and reduced the minimum sentencing range for a third-felony offender from "not less than two-thirds of the longest possible sentence" to "not less than one-half." The defendant sought to be resentenced under the 2017 amendments. The Louisiana Supreme Court granted the defendant's application in part to vacate his enhanced sentence for armed robbery and remanded for resentencing under the new law finding that "his conviction will become final after November 1, 2017."
In this matter, Edden argues that the amended version of La. R.S. 15:529.1(A)(1) is applicable to him. The 2017 amendments reduced the minimum sentencing range for a second-felony offender from "not less than one-half of the longest term" to "not less than one-third the longest term." However, in the 2018 legislative session, La. R.S. 15:529.1(K)(1) was added to La. R.S. 15:529.1, effective August 1, 2018, to now provide:
*1202 K. (1) Except as provided in Paragraph (2) of this Subsection, notwithstanding any provision of law to the contrary, the court shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed.
Williams was decided in June of 2018, before the enactment of La. R.S. 15:529.1(K), a curative provision. Additionally, Edden received a mid-range sentence, unlike the defendant in Williams . Because the 2018 amendments are procedural and this decision is being decided after August 1, 2018, we find that Edden was sentenced under the proper habitual offender law in effect in 2014, the date of the underlying offense.
On review, Edden's mid-range sentence of 37 years' imprisonment is not constitutionally excessive. The sentence imposed falls within the range of sentences set forth by the legislature for Edden's second-felony habitual offender conviction. The facts of record show that Edden has consistently exhibited a pattern of and propensity toward domestic abuse against the women in his life, which continued after he committed the present offense. The record adequately demonstrates an undue risk that during another period of suspended sentence or probation, Edden will commit another domestic abuse crime. Additionally, Edden's criminal record spanned over a seven-year period and included offenses other than these domestic abuse convictions. These facts are sufficient to show that Edden has failed to benefit from prior leniency in sentencing and significant probationary treatment.
Edden concedes that a period of incarceration is warranted under the facts of this case. The victim, Ms. Norris, has been left with lasting physical scarring. Edden's propensity toward abuse has not diminished and he fails to substantiate any new found claims of change. Ultimately, any mitigating factors cited by Edden were outweighed by the seriousness of the crime and aggravating factors evidenced on this record.
When considering the facts of this matter, including Edden's disturbing pattern of domestic abuse against this victim, the nature of the crime, Edden's continued failure to benefit from prior leniency in sentencing, and risk of continuing this behavior, the chosen mid-range sentence, while substantial, is not shocking to the sense of justice and is adequately particularized and tailored to this defendant. No abuse of the trial court's wide discretion has been shown. Edden has failed to take advantage of the numerous chances he has been given to change, and instead, continued in his pattern of domestic violence. Under the circumstances, the 37-year term is not constitutionally excessive.
Error Patent
Upon error patent review, it is noted that the trial court failed to impose the mandatory fine of $5,000, as provided in La. R.S. 14:35.3(F)(1). Accordingly, Edden's sentence, which does not include the fine, is illegally lenient. La. C. Cr. P. art. 882(A) provides that an illegally lenient sentence may be corrected at any time by an appellate court on review. However, this Court is not required to take such action. State v. Baker , 51,933 (La. App. 2 Cir. 4/11/18), 247 So.3d 990 ; State v. Wesley , 49,438 (La. App. 2 Cir. 2/26/15), 161 So.3d 1039, writ not cons. , 15-1096 (La. 3/14/16), 188 So.3d 1065. Since this Court is not required to take action and Edden is not prejudiced in any way by the failure to impose the mandatory fine, we decline to impose the fine.
Additionally, both the State and Edden have correctly observed that the trial court also failed to impose the first three years of the sentence without the benefit of parole in accordance with *1203 La. R.S. 14:35.3(F)(1). Nevertheless, failure to include these required statutory restrictions is self-correcting on review, eliminating the need to remand for a ministerial correction of the illegally lenient sentence. La. R.S. 15:301.1 ; State v. Bass , supra .
CONCLUSION
For the foregoing reasons, Trevor Edden's conviction and sentence are affirmed.
AFFIRMED.